IN UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Damien Shontell Hewlett
 v.
Jason Hill et. al.

"MOTION FOR AN ORDER"
COMPELLING DISCOVERY
Case No. 22-CV-1376

Plaintiff, Damien Shontell Hewlett, moves the court for an order pursuant to Rule 34 and 26(b)(i) of the Federal Cival Procedure compelling Defendants Jason Hill, and Zachary Lange to produce for inspection and copying the following documents:

1. The Restrictive Housing Unit Emergency Call log for the date of 9-19-22 at the time of 4:00pm to 10:00pm. Defendants did "not" supply Plaintiff with a "true and accurate" form of the emergency call log for the date and time Plaintiff had requested. But instead sent Plaintiff a blacked out, redacted version of the Emergency Call Log, that does "not" allow Plaintiff to prove that he pressed his Emergency Call Button, that Plaintiff's witness for his defense Mr. Carter pressed his emergency Call Button. Please see Exhibit #1 of which is the redacted Emergency Call log that accompanies this motion. And Your Honor, I'd ask that you also take into account the evidentiary value of Exhibit #2, which

is Page 2 of 6 from "defendant's answer to plaintiff's complaint (DKT. 1) for Case No. 22-CV-1376 on 3-15-23, and you'll see that the Defendant's and thier "Counsel" DO ADMIT" that Plaintiff pressed the Emergency Call button at time of incident, while answering Paragraph 9 of the Plaintiff's complaint. I'm entitled to a non-redacted version of that Emergency Call Log as a very viable part of obtaining admissable evidence to create a defense to proceed to a trial.

2. Any and all pictures that were taken of the Plaintiff's injuries on 9-19-22. The defendants "allege" that "Having conducted a reasonable search, no documents responsive to this request exist." Although your Honor, I would ask you to view the two pages that are titled Exhibit #3 of which is the Incident Report #0053 1110 from Sergeant Justin L. Thomsen. In this Incident Report you'll see that Sergeant-Thomsen "does" shed light on the "fact" that the very "pictures of Plaintiff's injuries do exist, or atleast did exist, when Sergeant- Thomsen states verbatim" Captain Kinnard took Photographs of lacerations

on neck head and also right forearm where I/M Hewlett admitted to trying to cut himself prior to hanging himself." I'm entitled to these photos in order to create viable defense of being able to prove extent of injuries at a trial. Without said photos the Plaintiff's defense is crippled greatly, to extent of Prejudice.

- Plaintiff also moves for an order Pursuant to "Federal Court Rules" requiring aforesaid defendants to pay Plaintiff in the amount of $500,000.00 for deliberate indifference to a serious medical need of suicide, $500,000.00 in physical Damages, $500,000.00 in emotional damages, $500,000.00 in punitive damages, and $500,000.00 in compensatory damages, as was Saught in Plaintiff's original Complaint as reasonable expenses in claiming this case on the ground that the defendants refused to produce the documents elaborated upon in this motion, and had no legal justification.

Dated: May 22, 2023
Signed:
Damien Shontell Hewlett
DOC#559455
Waupun Correctional Institution
P.O. Box 351
Waupun, WI, 53963