UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT

    Plaintiff,

    v.             Case No. 22-C-1376

JASON HILL and ZACHARY LANGE,

    Defendants.

---

## PRETRIAL ORDER

### Final Pretrial Conference

1. The final pretrial conference will be held on **September 26, 2024 at 1:30 p.m. (CT)**. Counsel for Defendants and Plaintiff are required to appear via telephone. The Clerk will make arrangements with prison staff for Plaintiff's telephonic appearance. Individual Defendants need not appear but should be available by telephone. Counsel for Defendants shall call the court Zoom conference line at **669-254-5252**, use **Meeting ID: 161 5758 9308**, press # to bypass Participant ID, and enter **Passcode: 519855** to join the call. To ensure a clear record of the hearing, participants should not use a speaker phone, if possible. Counsel for Defendants shall call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. If you have any questions, please contact the clerk's office.

2. Defendants shall prepare and file a pretrial report in accordance with Civil L. R. 16(c) on or before **September 5, 2024,** including a copy of their proposed voir dire questions, proposed jury instructions, and proposed verdict form. Plaintiff shall file a response to Defendants' report on or before **September 19, 2024,** noting any disagreements with or additions to

Defendants' proposed voir dire questions, proposed jury instructions, and/or proposed verdict form.

3. Defendants must also submit a copy of their proposed voir dire questions, proposed jury instructions, and proposed verdict form in Word format to the proposed order e-mail box at GriesbachPO@wied.uscourts.gov.

4. In the event the parties want witnesses to testify via Zoom or video conference, the parties shall confer and file a motion with the Court prior to the scheduled final pretrial conference. The motion shall include the name of each witness, the anticipated length of their testimony, and the reason for remote testimony. Any objections should be timely filed, and the issue can be addressed at the final pretrial conference.

5. All motions in limine are to be filed by **September 5, 2024,** with responses served and filed by **September 19, 2024.**

6. At the final pretrial conference, Plaintiff should be prepared to discuss the exhibits he intends to introduce at trial, so that the Court may provide further instruction regarding the submission of the exhibit list and exhibits.

## **Trial**

7. A jury trial will be held **on October 24, 2024 at 8:30 a.m. (CT)** at 125 S. Jefferson Street, Green Bay, WI 54301, in Room 201.

8. On or prior to the first day of trial, Defendants must provide Plaintiff with a complete copy of all exhibits to be presented at trial. Defendants are also to provide an original set of exhibits for the witness(es), to be retained by the clerk at the conclusion of trial as part of the court record. An additional copy of all exhibits must be provided for the Court. Where practicable, exhibits should be placed in binders with an exhibit tab delineating each exhibit.

9. On or prior to the first day of trial, Plaintiff must provide his exhibit list and original exhibits to the clerk, who will arrange to have copies made for the witness(es), defense counsel, and the Court.

10. One business day prior to the commencement of the trial, Defendants must e-mail a copy of their exhibit list to wied_clerks_gb@wied.uscourts.gov in fillable format. All exhibit lists are to be prepared using the Exhibit and Witness List form located on the Court's website, www.wied.uscourts.gov, in the Forms Repository. A copy of this form will be mailed to Plaintiff with this order. The parties may prepare either joint or separate exhibit lists.

11. Documents identified as exhibits must be marked before trial and must be numbered sequentially, with only one exhibit number assigned to each document or physical object throughout the course of the trial. Exhibit numbers 1–999 are reserved for the plaintiff; Exhibit numbers 1000–1999 are reserved for the defendant; successive blocks of numbers are reserved for any additional parties starting with 2000–2999.

**SO ORDERED** on April 19, 2024.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

**Civil L. R. 16(c) Pretrial Report.**

(1) Unless otherwise ordered, each party must file a pretrial report at least 14 days before the scheduled start of the trial or, if a final pretrial conference is scheduled, 7 days before the final pretrial conference. The report must be signed by the attorney (or a party personally, if not represented by counsel) who will try the case. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a pretrial report is not filed. The report must include the following:

    (A) a short summary, not to exceed 2 pages, of the facts, claims, and defenses;

    (B) a statement of the issues;

    (C) the names and addresses of all witnesses expected to testify. Any witness not listed will not be permitted to testify absent a showing of good cause;

    (D) a statement of the background of all expert witnesses listed;

    (E) a list of exhibits to be offered at trial sequentially numbered according to General L. R. 26 where practicable;

    (F) a designation of all depositions or portions of transcripts or other recordings of depositions to be read into the record or played at trial as substantive evidence. Reading or playing more than 5 pages from a deposition will not be permitted unless the judge finds good cause;

    (G) an estimate of the time needed to try the case;

    (H) if scheduled for a jury trial:

        (i) any proposed voir dire questions;

        (ii) proposed instructions on substantive issues; and

        (iii) a proposed verdict form.

    (I) if scheduled for a bench trial, proposed findings of fact and conclusions of law (see Fed. R. Civ. P. 52).

(2) In addition to completing a pretrial report, counsel are expected to confer and make a good faith effort to settle the case. Counsel are also expected to arrive at stipulations that will save time during the trial.