IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAMIEN S. HEWLETT,

    Plaintiff,

v.                                    Case No. 22C1376

JASON HILL,

AND

ZACHARY LANGE,

    Defendants.

## DEFENDANTS' MOTIONS IN LIMINE

Defendants, through counsel, move this Court in limine as follows:

1. **Defendants' Motion in Limine # 1 To Exclude Evidence And Argument Regarding Any Other Legal Cases Or Inmate Grievances In Which They May Have Been Involved.**

    Defendants move the Court to exclude any evidence, argument, or questioning regarding the details of other legal cases in which they have been involved, other inmate grievances not related to this case, or their work file history.

    Rule 401 of the Federal Rules of Evidence defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence" and is "of consequence in determining the action." That Defendants have been involved in legal proceedings before does not clear even this low threshold. But even if this Court were to determine that other litigation against

1

Defendants are marginally relevant, it should nevertheless be excluded from evidence because any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or wasting time. *See* Fed. R. Evid. 403.

When determining admissibility, the Court may consider "the costs—in terms of time, distraction and, possibly, prejudice—resulting from such evidence." *Nachtsheim v. Beech Aircraft Corp.,* 847 F.2d 1261, 1269 (7th Cir. 1988). "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Thompson v. City of Chi.*, 722 F.3d 963, 971 (7th Cir. 2013) (quoting citation and internal quotation marks omitted). To argue that Defendants should be found liable here because they were sued on other occasions is just such an improper basis.

Evidence regarding the details of other lawsuits or grievances involving Defendants should be barred under both rules. Defendants work in a prison setting, where staff are frequently sued by inmates. Even if these lawsuits or grievances had adverse outcomes, such outcomes are not admissible to argue that an adverse outcome in another case means they violated Plaintiff's rights in the present case. *See* Fed. R. Evid. 404. The sole question for the jury's consideration is whether Defendants' treatment of Plaintiff in this case constituted constitutional violations.

Additionally, grievances filed by other inmates against Defendants are inadmissible hearsay. *See* Fed. R. Evid. 801 and 802. Defendants would not be able to answer any questions about grievances filed against them, because inmate

grievances are confidential, and they would have no personal knowledge about their contents. *See* Wis. Admin. Code § DOC 310.16.

Reference or testimony regarding these collateral issues does not meet any of the enumerated exceptions under Rule 404(b) and under Rule 403 any relevance would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Accordingly, Defendants move to exclude any testimony, other evidence, argument, or questioning regarding the details of other legal cases in which they have been involved that are unrelated to their interactions with Plaintiff in the present case, other inmate grievances not related to this case, or their work file history.

2. **Defendants' Motion in Limine # 2 To Exclude Any Evidence And Argument Of Other Lawsuits Relating To DOC Or Other DOC Employees.**

Defendants move the Court to exclude any evidence, argument, or questioning regarding the details of lawsuits relating to the Wisconsin Department of Corrections (DOC) or any other DOC employees.

Undersigned counsel has requested that certain questions be asked of potential jurors about their experience with corrections and law enforcement as part of voir dire for the purposes of detecting any improper bias by members of that panel, but any evidence regarding the details of other lawsuits or complaints against other DOC employees is not proper evidence in this trial. Under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs or acts is not admissible except as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or accident. There is a four-part test for admitting "other acts" evidence:

3

> First, proof of the other act must be directed towards establishing a matter in issue other than the defendant's propensity to commit like conduct. Second, the other act must be of recent vintage and sufficiently similar to be relevant to the matter in issue. Third, there must be a sufficient amount of evidence for the fact finder to conclude that the similar act was committed. And fourth, the probative value of the evidence must not be outweighed by the danger of unfair prejudice.

*Okai v. Verfuth*, 275 F.3d 606, 610–11 (7th Cir. 2001). Other inmate lawsuits, inmate allegations against prison staff, or any reference to any media publication discussing such lawsuits, do not meet any of the necessary elements. Previous inmate lawsuits or testimony regarding other complaints against the DOC or other DOC personnel do not serve to establish a motive, opportunity, intent, preparation, or plan on Defendants' part. *Manuel v. City of Chi.,* 335 F.3d 592 (7th Cir. 2003).

Furthermore, any lawsuit history should be excluded because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. The main effect of introducing such evidence of lawsuit histories would be to prejudice the jury against Defendants, in essence so the jury would conclude that they (and/or their employer) tend to commit bad acts and must have committed a bad act in this case. This is precisely the sort of inference the rule is intended to prevent and would accomplish nothing outside of drawing the jury's attention away from Plaintiff's claims, which are limited in scope. *See Manuel*, 335 F.3d at 597–98 (rejecting character evidence due to its "relatively slight probative value" and "the potential for unfair prejudice, juror confusion, and delay" that would result from its admission).

For these reasons, Defendants request that the Court exclude any reference to the details of other inmate lawsuits filed against the DOC, or to any other lawsuit against different DOC employees.

3. **Defendants' Motion in Limine # 3 To Permit Questioning Of Plaintiff And Any Incarcerated Witness Regarding Their Criminal Convictions:**

Defendants move the Court to allow counsel for Defendants to ask Plaintiff, and his incarcerated potential witnesses, about criminal convictions during cross-examination, pursuant to Fed. R. Evid. 609(a)(1)(A) and (B).

Under Fed. R. Evid. 609, a party may introduce the criminal convictions of a witness to challenge the witness's credibility. Under Rule 609(a)(1)(A) the evidence must be admitted in a civil case for any crime punishable by imprisonment for more than one year, typically recognized as a felony level conviction. Within the last ten years, Plaintiff has been convicted of a felony level offense – Armed Robbery, Wis. Stat. § 943.32(2). Further, these convictions are admissible because it has not been more than 10 years since Plaintiff's release from confinement for these offenses. Fed. R. Evid. 609(b).

Defendants ask the Court to allow questions on cross-examination of Plaintiff that he has been convicted of the felony-level offense that he was convicted of in the past 10 years. Defendants ask the Court to also allow questions on cross-examination of the number of felony convictions of any of Plaintiff's incarcerated or former incarcerated witnesses, subject to Fed. R. Evid. 609. Defendants also ask the Court to allow Defendants to offer argument to the jury that they may consider these

5

convictions when assessing the credibility of Plaintiff's testimony and the testimony of other witnesses to whom Rule 609 applies. *See* Seventh Circuit JI 1.15.

4. **Defendants' Motion in Limine # 4 To Exclude Evidence And Argument Regarding The Causation of Plaintiff's Purported Mental Or Emotional Injury and Permanence, Future Care And Treatment And Future Pain And Suffering.**

The Court should exclude any argument, questions, testimony, or evidence about the causation of Plaintiff's purported mental, or emotional injury, the permanence of his injury, any future care or treatment for his injury, or any future pain and suffering associated with his injury.

Defendants seek to exclude any reference to or evidence of any medical, psychological or psychiatric condition of the Plaintiff alleged to be proximately caused by any fact or allegation of the Plaintiff, except that the Plaintiff may be allowed to testify in lay terms from his personal knowledge as to his experience of emotional distress and other lay witnesses may similarly testify as to their experiences of personally observing such manifestations of her emotional distress. However, such matters as to whether Plaintiff has mental health issues, such as anxiety or depression in the clinical sense, because of defendants' conduct are outside the scope of knowledge of lay persons and require the testimony of any expert under Rules 701, 702 and 703 of the Federal Rules of Evidence.

Under Federal Rule of Evidence 701, Hewlett, a lay witness, "may offer opinion testimony to the extent that it is : '(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within

the scope of Rule 702.'" *Macon v. City of Fort Wayne*, No. 1:11-cv-119, 2012 WL 3745375, *7 (N.D. Ind. Aug. 28, 2012) (unpublished) (citing Fed. R. Evid. 701). This means Hewlett may "testify about his own perception of his physical and mental health, before and after the incident." *Id.* at *8.

Hewlett may not, however, testify that the incident caused his mental or emotional injury, nor can he offer a medical diagnosis for any injuries, as such determinations would require expert medical testimony. *See United States v. Cravens*, 275 F.3d 637, 640 (7th Cir. 2001) ("Although a lay person may readily observe a drug or alcohol problem, the causation of a mental disease or defect is a more technical determination such that a court would find expert testimony particularly useful to its ultimate decision."); *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) ("A nonexpert is not permitted to give expert testimony. Wholly lacking in medical knowledge as he was, the plaintiff was incompetent to testify on the causal relation if any between exercise and healthy gums." (citation omitted)); *Carey v. Piphus*, 435 U.S. 247, 263-64 ("[W]e hold that neither the likelihood of such [mental and emotional] injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused."); *Johnson v. Obaisi*, No. 16-cv-4046, 2020 WL 433872, *4 (N.D. Ill. Jan. 28, 2020) (unpublished) ("Generally, establishing medical causation requires expert testimony because medical opinions regarding diagnoses require 'scientific, technical, or other specialized knowledge' that lay witnesses do not possess." (citation omitted)).

Matters regarding the causation of any of the Plaintiff's medical, psychological or psychiatric conditions require expert testimony. *See* Fed. R. Evid. 701(c), 702. Although Plaintiff might be able to discuss symptoms he has experienced, he does not have the expertise to opine as to the cause of those symptoms. For example, Plaintiff may report that he has experienced sleepless nights since September 19, 2022, but he cannot testify that the sleepless nights were caused by Defendants' actions. As with a medical diagnosis, causation of symptoms is a subject requiring "specialized knowledge" from an expert. Fed. R. Evid. 701. *See Green v. Schroeder*, No. 12-CV-761-WMC, 2016 WL 4625495, at *2 (W.D. Wis. Sept. 5, 2016) ("Although Green cannot testify that Schroeder's actions proximately caused him psychological harm, the jury may infer causation from Green's testimony about his mental and psychological state before and after the events giving rise to this lawsuit.").

Hewlett also may not seek damages for any permanent or future injury, because he would need to show to a "*reasonable degree of medical certainty*" that he faced a risk of permanent or future injury. *See Henderson v. Sheahan*, 196 F.3d 839, 849–50 (7th Cir. 1999) (emphasis added) (granting summary judgment for the Defendants because the Plaintiff "had to proffer competent and reliable expert medical testimony" to a "reasonable degree of medical certainty," and he failed to make that proffer). As a lay person, Hewlett cannot testify to any medical certainty. Similarly, Hewlett may not seek damages for future pain and suffering. Again, only a medical expert could testify to the requisite certainty that any pain Hewlett may have experienced would continue, and if so, how long that anticipated pain would

8

last. Because Hewlett cannot testify to any medical certainty and because he has not offered a medical witness who could testify to such, he cannot seek damages for future pain and suffering. Hewlett has not offered a medical witness who could properly support a claim on permanency, future medical care or treatment, or future pain and suffering. Expert testimony is required to establish damages for each of these three categories. *Weber v. White*, 2004 WI 63, ¶ 20, 272 Wis. 2d 121, 130, 681 N.W.2d 137, 142; *Coryell v. Conn*, 88 Wis.2d 310, 316, 276 N.W.2d 723, 727 (1979); Fed. R. Evid. 701(c) & 702. Because Plaintiff does not offer expert testimony on these issues, he is barred from recovering these categories of damages.

Based on the above, this Court should exclude any argument, questions, testimony, or evidence about causation of Hewlett's mental, or emotional injury, the permanence of his injury, any future care or treatment for his injury, or any future pain and suffering associated with his injury

Dated: September 5, 2024.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        <u>s/ Sarah A. Huck</u>
        SARAH A. HUCK
        Assistant Attorney General
        State Bar #1036691

        Attorneys for Defendants.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7971
(608) 294-2907 (Fax)
hucksa@doj.state.wi.us