**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

DAMIEN SHONTELL HEWLETT,

        Plaintiff,

   v.

JASON HILL and ZACHARY LANGE,

        Defendants.

Case No. 22-cv-1376

---

## PLAINTIFF'S MOTIONS IN LIMINE

---

Plaintiff Damien Shontell Hewlett, by his counsel, pursuant to the Court's April 19, 2024 Pretrial Order (Dkt. # 56), and L.R. 16(b) files his motions in limine as follows:

**Motion in Limine – Number 1**

Plaintiff requests a bar on any questions posed to Damien Hewlett about his criminal record and prior arrests or convictions, other than a general question as to whether he has been convicted of a felony, pursuant to FRE 403 and 404. Allowing defendants to inquire into the nature of the crime committed, as none of the crimes pertain to honesty crimes (i.e. embezzlement, lying under oath, etc.) would be prejudicial to Plaintiff.

The Seventh Circuit has identified a five-part test in criminal cases "to guide the district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect:

(1) the impeachment value of the prior crime;

(2) the point in time of the conviction and the witness's subsequent history;

(3) the similarity between the past crime and the charged crime;

(4) the importance of the defendant's testimony; and,

(5) the centrality of the credibility issue."

*United States v. Montgomery,* 390 F. 3d 1013, 1015 (7th Cir. 2004). "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis." *Anderson v. City of Chicago,* 2010 WL 4928875, at *2–3 (N.D. Ill. Nov. 30, 2010). The Seventh Circuit specifically has cautioned courts to "be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa,* 971 F. 2d 1325, 1331 (7th Cir. 1992).

Here, while indications of Plaintiff's felony convictions arguably are admissible under Rule 609(a)(1)(A), the Court should limit information about the prior convictions to reduce the risk of prejudice to Plaintiff given the nature of his convictions. *See Schmude v. Tricam Indus., Inc.,* 556 F. 3d 624, 627 (7th Cir. 2009).

The impeachment of Plaintiff should be limited to the fact that Plaintiff is a convicted felon. The Court also should provide a limiting instruction to the jury explaining the proper use of prior convictions for impeachment at trial. *See* Seventh Circuit Pattern Civil Jury Instructions 1.15 ("You have heard evidence that [Name] has been convicted of a crime. You may consider this evidence only in deciding whether [Name's] testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose."). Allowing the jury to hear about the nature of the crimes will severely prejudice Plaintiff Damien Hewlett and have the strong likelihood especially of having the jury spite Mr. Hewlett for his prior crimes. Rule 403 provides that a court "may exclude"

relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice. None of the current crimes involve dishonesty and allowing evidence or impeachment as to the other crimes will prejudice Damien Hewlett.

### **Motion in Limine – Number 2**

Plaintiff requests a bar preventing the defense from introducing evidence of any of Plaintiff's prior or current lawsuits, grievance or claims against any party, including the Department of Corrections. It is believed that the defense may introduce evidence of Plaintiff's prior lawsuits, grievances and claims, and use that as a basis, whether directly or indirectly, to argue that Damien Hewlett is overly litigious, and because he has filed lawsuits before, he is more likely to file suit now, and thus, this suit does not have merit or is manufactured.

### **Motion in Limine – Number 3**

Plaintiff requests excluding all non-parties from being in the courtroom until called upon to testify.

### **Motion in Limine – Number 4**

Plaintiff requests a bar preventing the defense from calling any witnesses not previously disclosed, especially expert witnesses.

### **Motion in Limine – Number 5**

Plaintiff requests that the defense be barred from introducing or mentioning any prior settlement offers that Plaintiff may have communicated or mentioned, pursuant to FRE 408.

### **Motion in Limine – Number 6**

Plaintiff moves to exclude testimony regarding or evidence of any awards or

commendations received by any of the Defendants. Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common v. City of Chicago*, 661 F. 3d 940, 947 (7th Cir. 2011) (citation omitted). In a similar vein, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). "Character evidence encompasses evidence of a defendant's prior commendations and awards," since "the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits." *United States v. Brown*, 503 F. Supp. 2d 239, 242 (D.D.C. 2007). Finally, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "Courts typically consider evidence of military or police commendations as impermissible character evidence, beyond ordinary background evidence." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 954785, at *1 (N.D. Fla. Mar. 14, 2021) (collecting and identifying cases).

This case involves claims for violations of Plaintiff's Eighth Amendment rights by Defendants' failure to protect him. Defendants are all corrections officers. Evidence of any of Defendants' awards or commendations would be "impermissible character evidence," as "the only purpose for offering such information would be to portray a

defendant in a positive light by demonstrating recognition of certain character traits." *See Brown*, 503 F. Supp. 2d at 242. Moreover, the evidence would have little probative value, which would be substantially outweighed by its prejudicial effect. *See In re 3M Combat Arms*, 2021 WL 954785, at *1. Therefore, evidence of Defendants' prior awards or commendations should be excluded.

### Motion in Limine – Number 7

Plaintiff moves the Court for an order finding that all defendants acted under color of state law at all times relevant in this action and that the question of whether anyone of them, individually, acted under color of law on the verdict, if necessary to be on the special verdict, be marked "YES" by the Court.

Acting under color of state law requires the defendants exercised power by virtue of state law and while clothed with the authority of state law. *See Monroe v. Pape*, 365 U.S. 167, 187, 81 S. Ct. 473, 484, 5 L. Ed. 2d 492 (1961). A defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under § 1983. *See United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966) (*stating:* "'Under color' of law means the same thing in § 242 that it does in the civil counterpart of § 242, 42 U. S.C. § 1983 (1964 ed.), citing to *Monroe*, 365 U.S. at 185 (majority opinion) and 212 (Frankfurter, J., dissenting). In cases under § 1983, "under color" of law has consistently been treated as the same thing as the "state action" required under the Fourteenth Amendment.") *(Internal citations omitted)*. It is firmly established that a defendant in a 1983 suit acts under color of state law when he abuses the position given to him by the State. *See Monroe*, 365 U.S., at 172. Thus, generally, a public employee acts under color

3

of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.

The Seventh Circuit Jury instruction 7.03 defines "Under Color of Law" as, "when I say that a person acts 'under color of law,' I mean that a person uses or misuses authority that he has because of his official position." When the defendants engaged in the conduct alleged while Plaintiff was a free person, they were public employees and were using their authority as corrections officers.

Plaintiff moves for a finding that all defendants acted under color of law for purposes of Plaintiff's claims.

### Motion in Limine – Number 8

Plaintiff moves for an order prohibiting or precluding the defendants from introducing any testimony, evidence, or argument that any of the defendants will be personally liable for compensatory or punitive damages. Parties are prohibited from making reference to their financial status, insurance or lack thereof. Fed. R. Evid. 411. The evidence is also irrelevant and prejudicial under Fed. R. Evid. 402 and 403.

### Motion in Limine – Number 9

Plaintiff moves for an order prohibiting or precluding the defense from introducing statements of the Plaintiff, which the defense has not either provided to the plaintiff or offered to the plaintiff for inspection pursuant to Federal Rules of Civil Procedure Rules 26-34.

### Motion in Limine – Number 10

Plaintiff moves the Court for an order prohibiting or precluding the defense from introducing physical evidence which the defense has not either provided to the plaintiff

or offered to the plaintiff for inspection pursuant to Federal Rules of Civil Procedure 26 through Rule 34.

Under modern discovery rules, "a trial [should be] less a game of blindman's bluff and more a fair contest with basic issues and facts disclosed to the fullest practical extent." United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). This principle has been extended in recent years through lay down disclosure requirements such as F. R. Civ. P. 26 which requires the identification of witnesses and the subject of their possible testimony. See also F. R. Civ. P. 26(e)(1) and (2) which requires a party to seasonably supplement interrogatory answers, F. R. Civ. P. 26(g) (good faith) and F. R. Civ. P. 37(b) which provides for sanctions for non-disclosure.

More importantly, here, there is evidence that Defendants discarded evidence Hewlett had in his cell, and destroyed (or failed to preserve) video-taped and photographic evidence of Hewlett and failed to preserve any body camera footage. If somehow this evidence miraculously appears, Plaintiff will be harmed.

### Motion in Limine – Number 11

Plaintiff moves the Court for an order prohibiting or precluding the defense from introducing any testimony, evidence, or argument or suggestion that appeals to jurors' self-interest as taxpayers. Direct statements or implications that any recovery would come out of taxpayer monies should be excluded from evidence much in the same way that F. R. Evid. 411 excludes evidence of liability insurance. Appeal to tax-payer self-interest, either in the form of saving taxpayer dollars or appeals to concerns about reduction in services are generally held to be improper.

## Motion in Limine – Number 12

Plaintiff moves the Court for an order precluding Defendants and any witness from referring to or mentioning that any of the defendants were "cleared" or exonerated" from wrongdoing in the underlying incidents with Damien Hewlett.

Plaintiff will argue that the Department of Corrections did not complete a full investigation into the conduct of the corrections officers involved. Indeed, Plaintiff will demonstrate that the prison Hearing Examiners failed to investigate Plaintiff's claims and denied his claims based on evidence that did not exist or was not presented to them, and thus never conducted an independent examination.

Should any defendant or other witness attempt to introduce "new" evidence that any of the defendants were fully investigated and "cleared" or "exonerated" from wrongdoing in the underlying incident, Plaintiff seeks to bar such evidence. Any such internal decision by the Department of Corrections or opinion(s) on behalf of the Department or any of the defendants has no bearing or relevance in this civil action and is impermissible as it is an opinion on the ultimate fact questions reserved solely for the jury – whether one or more of the defendants' actions violated Mr. Hewlett's constitutional rights. And any such claim of "exoneration" rings hollow based on the incomplete hearing examiners' reports.

Moreover, such opinion is inadmissible because it was made in anticipation of litigation. *See Pullen v. House*, 88 F. Supp. 3d 927, 931-32 (W. D. Wis. 2015). As Judge Crabb noted, records "made in anticipation of litigation" cannot qualify as a business record under Rule 803(6)(E) (record does not qualify for hearsay exception if "the source of information or the method or circumstances of preparation indicate a

lack of trustworthiness"). *Id.* Moreover, records which include self-serving statements of the defendants themselves as well as statements of employees who are subject to possible Civil Rights Act liability are the kind of records that lack reliability and trustworthiness. Even an insurance adjuster's report created in response to an accident is excluded as hearsay. *Id.,* at 932, *citing Jordan v. Binns*, 712 F. 3d 1123, 1135 (7th Cir. 2013). Indeed, as the *Pullen* court noted:

> [E]ven if memoranda are regularly prepared by correctional or law enforcement officers, they lack the necessary earmarks of reliability and trustworthiness. Their source and the nature and manner of their compilation unavoidable dictate that they are inadmissible under [the hearsay exception for business records]. They are also subject to the objection that such utility as they possess relates primarily to prosecution of suspected law breakers, and only incidentally to the systematic conduct of the police business.

Pullen, 88 F. Supp. 3d at 931-32, citing *United States v. Ware*, 247 F. 2d 698, 700 (7th Cir. 1957).

 Last, allowing the review to come in at trial or any testimony about the exoneration of the defendant correction officers would be prejudicial and that prejudice would outweigh any probative value to such testimony. In reality, there really is no probative value to this evidence. It is simply a bolstering of defendants' actions – a vouching for their conduct by their department. "The danger of unfair prejudice in allowing a law enforcement or correction officer to opine on the reasonableness of the conduct of fellow law enforcement and correction officers, counsels against the admission of this evidence. *See* Fed. R. Evid. 403; *Masel v. Mansavage*, 2008 WL 5134916, *2 (W.D. Wis. July 2, 2008, Judge Randa).

3

### Motion in Limine – Number 13

Plaintiff moves the Court for an order precluding Defendants from appearing at trial in their uniforms or wearing badges. Clearly, while in trial, Defendants are not guarding any other persons, not even the Plaintiff. There is no reason for them to wear their uniforms other than as a "show of force" or to make them appear to be "official." Defendants should not have the ability to convey their authority to the jury.

### Motion in Limine – Number 14

Plaintiff moves the Court for an order precluding Defendants or their counsel from referring to Plaintiff as "criminal" or "inmate." They may refer to him as "Mr. Hewlett", "Damien Hewlett" or "Plaintiff."

### Motion in Limine – Number 15

Plaintiff moves the Court for an order precluding Defendants from testifying at trial as to hearsay statements about where other individuals worked in the Department of Corrections prison system or other statements about which they lack personal knowledge. Defendants should be required to testify only as to their personal knowledge.

### Motion in Limine – Number 16

Plaintiff moves the Court for an order allowing remote testimony, if necessary, and for the jury to be instructed that remote testimony is permissible (for whatever reason) a witness may need to testify by remote means. Plaintiff does not want to be prejudiced by other witnesses testifying remotely.

## Motion in Limine – Number 17

Plaintiff moves the Court for an order allowing any incarcerated witnesses, including Plaintiff to be allowed to wear non prison attire if they so choose. If the court is to deny this motion as to witnesses, if necessary, that the jury to be instructed that all testimony is to be equally weighed. Plaintiff does not want to be prejudiced by other witnesses who are currently incarcerated.

## Motion in Limine – Number 18

Finally, Plaintiff asks the Court not to instruct the jury with respect to nominal damages. Specifically, Plaintiff requests that the Court not give the jury the very last paragraph of the Seventh Circuit Pattern Jury Instruction 7.26: "[If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.]" or Jury Instruction 7.27 (Compensatory Damages in Prisoner Cases): "[Whether or not Plaintiff proves a [physical injury] [sexual act], you may award nominal damages and punitive damages, so long as you find that Plaintiff has met the standard for obtaining those damages.]".

Here, Plaintiff is waiving his right, if any, to nominal damages, should the defendants or the Court believe it is appropriate. Waiver is the intentional relinquishment of a known right. *See, e.g., United States v. Farmer,* 543 F. 3d 363, 371 (7th Cir. 2008); *United States v. Richardson,* 238 F. 3d 837, 841 (7th Cir. 2001).

In making that request, Plaintiff is electing not to pursue nominal damages against the named defendants. In other words, if the jury finds that Defendants violated Plaintiff's rights, but that Plaintiff has not proven by a preponderance of the evidence any particular damages, Plaintiff is forgoing his right to any nominal damages.

3

And the Seventh Circuit case law supports Plaintiff's known waiver and request. Importantly, it would be error to provide an instruction on nominal damages where there is an actual injury. As the Seventh Circuit notes in the Committee Comments to Jury Instruction 7.26, a nominal jury instruction "is appropriate unless it is a 'true no-injury case.'" *See* Committee Comment "f" to Jury Instruction 7.26, citing *Clarett v. Roberts*, 657 F. 3d 664, 673 (7th Cir. 2011)(". . . In this situation, a nominal damages instruction – perhaps appropriate in a true no-injury case – would have been inappropriate here.") and *Stachniak v. Hayes*, 989 F. 2d 914, 923 (7th Cir. 1993) (noting that a nominal damages "instruction is appropriate **only** when the deprivation of constitutional rights did not cause actual, provable injury, which was not so in this case.")(emphasis added)).

Even the Supreme Court concurs. *Sahagian v. Dickey*, 827 F. 2d 90, 100 (7th Cir. 1987) (Providing that an instruction on "nominal damages . . . are the appropriate means of 'vindicating' rights whose deprivation as not caused an actual, provable injury."), quoting *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 n. 11, 106 S. Ct. 2527, 2543, 91 L. Ed. 2d 249 (1986).

It is Plaintiff's right to choose to seek nominal damages or not. He does not wish to have nominal damages presented to the jury.

Respectfully submitted this 5th day of September 2024.

**MOTLEY LEGAL SERVICES**

By: *s/ Kimberley Cy. Motley*
    Kimberley Cy. Motley
    P.O. Box 1433
    Matthews, NC 28106
    Telephone: (704)763-5413
    Email: kmotley@motleylegal.com