# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

**DAMIEN SHONTELL HEWLETT,**
          Plaintiff,

v.                         **FINAL PRETRIAL CONFERNENCE**
                                     Case No. 22-C-1376

**JASON HILL and**
**ZACHARY LANGE,**
          Defendants.

---

HONORABLE WILLIAM C. GRIESBACH presiding     Time Called: 1:31 p.m.
Proceeding Held: September 26, 2024           Time Concluded: 2:15 p.m.
Deputy Clerk: Joleen                                     Tape: Zoom 092624

**Appearances:**

    **Plaintiff:**      Kimberley Motley

    **Defendants:**   Bradley Soldon, Sarah Huck

---

A jury trial is scheduled for October 24, 2024 for 1 – 2 days. The court addresses the motions in limine and indicates all Motions in Limine rulings are tentative.

Plaintiff's MIL:
1 – The court will address at trial.
2 – Granted
3 – Granted
4 – Granted
5 – Granted
6 – Granted
7 – Granted
8 – Granted
9 – Granted with the understanding that if something arises at the trial, the court will address.
10 – Granted
11 – Granted
12 – Withhold ruling. The court observes that, at this time, it does not appear that the evidence of the internal investigation is admissible.
13 – Denied
Ms. Motley requests inmate witnesses appear in person. Ms. Huck understands that each inmate may have different security concerns. The court believes the inmates can appear via video. The court directs Ms. Motley to submit a brief arguing why the inmate witnesses should appear personally by Wednesday, October 2, 2024, and Ms. Huck to respond by the following Wednesday, October 9, 2024.
14 – Denied
15 – Denied. The court cannot rule in the abstract; the parties should raise hearsay objections at trial.
16 – Granted
17 – Granted in regard to Plaintiff; denied in regard to inmate witnesses.
18 – Granted but parties may raise this issue at the jury instructions conference.

19 – Ms. Huck provides a brief oral response to the Amended MIL #19. She does not believe there was any contraband recovered. The sheet was never retained. The body camera that relates to the two defendants was either not activated or was not saved because it was the defendants' position that there was not an incident. There was a hallway video that was produced. Ms. Motley indicates they would prefer the actual physical evidence. A blade was not in the reports, but there are reports of Mr. Hewlett cutting himself. She believes the sheet should have been preserved. Jason Hill wrote in his report that his BWC, Body Wear Camera, was active the entire time he was on the range. Photographs were taken of Mr. Hewlett and plaintiff has never received. Ms. Huck indicates the incident report re: BWC relates to an entirely different incident. The court directs the parties to confer. The court will look to the response to be filed by the defense. The issue will be addressed the morning of trial.

Defendants' MIL:
1 – The court withholds ruling
2 – Granted
3 – The court will address at trial
4 – The court will address at trial

The court goes over the logistics of the trial with the attorneys. The court will qualify 14 jurors and each party will have 3 strikes each.

Plaintiff will likely show video evidence and document evidence. The court directs the parties to confer and contact the clerk with regards to setting up electronic equipment. The court directs plaintiff to contact the clerk regarding civilian clothes for her client.

Ms. Huck questions exhibit sharing now that the plaintiff is represented by counsel. The court directs the parties to confer to stipulate the admissibility of exhibits where able and to avoid duplicate exhibits between the parties. Ms. Hucks questions two witnesses on the plaintiff's witness list. Randall Hepp is the former warden and Lana Wilson is an inmate complaints examiner. Ms. Motley indicates they were involved in this case as far as the complaint process. Randall Hepp was a correctional officer at the time this happened. They are both relevant to this matter because they were involved in the investigation into this matter. The court indicates if the department believes these witnesses are irrelevant, they may file a motion to quash the subpoenas.

The court will either schedule a telephone conference or issue a written decision regarding the remaining issues.

Ms. Motley indicates they will be looking to call Anne York. The three intended witness were investigating the circumstances as to why the plaintiff harmed himself.

Court adjourns.